(2 App. Div. 240.)

## SCOTT v. SCOTT.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

Notes—Rights of Assignee—Bona Fide Purchaser.

In an action, for plaintiff's sole benefit, brought on notes assigned to him, as security for himself and others, plaintiff, having had notice that the maker had received no consideration therefor, cannot recover as a bona fide purchaser, though the others for whose benefit they were assigned had no notice thereof.

Appeal from circuit court, New York county.

Action by G. R. Scott against John Scott. From a judgment on

a verdict directed for defendant, and an order denying a new trial on the minutes and for surprise, plaintiff appeals. Affirmed.

The action was brought upon four promissory notes, made by the defendant, payable to the order of the Port Aranus Company, and by that company transferred to the plaintiff,—one note bearing date November 17, 1890, and the other three, December 13, 1890. The notes were all payable five years from date, with interest annually. Each note contained a statement that it was given for the purchase price of lands therein described, conveyed by the payee to the maker at the time the note was given, and declaring that a vendor's lien was thereby expressly given to secure the payment of the note. The defense was that the notes were without consideration, the lands therein declared never having been conveyed to the maker of the notes. Upon the trial the notes were proved and put in evidence, and the plaintiff rested. The defendant then gave evidence establishing the following facts: That the notes were delivered to Ropes, the president of the payee, who agreed to send the deeds of the lands described in the notes to the defendant in New York City; that these deeds were never made or delivered to the defendant, and the lands described in the notes were never conveyed to him; that some of these lands were then, and ever since have been, owned by this plaintiff, and the other lands then were, and ever since have remained, the property of the payee, or other parties; that the defendant was not acquainted with the plaintiff, and never knew that he had possession of the notes until this action was commenced; that, about the time these notes were given, the plaintiff was quite frequently at the office of the payee, being engaged in aiding the payee in raising money to complete the erection of an hotel; that, soon after the notes were given, and while they were still in the safe in the payee's office, the plaintiff was present when the notes were the subject of discussion; that his attention was then called to the fact that these notes were given for the purchase price of lands some of which belonged to him, and he replied, "That is all right; we can fix that," or "That is easily fixed." The notes appear to have been transferred to the plaintiff by the payee about the 1st of January, 1891, and were kept by him until the fore part of 1892, when they were sent to the attorneys in New York City, and this action was brought thereon. The plaintiff, in rebuttal, offered to prove that the notes were transferred to him, as collateral security to himself and others, for whom he acted as trustee, for moneys to be raised by them and advanced to the payee, to be used by him in the completion of an hotel; that the money was so raised, and advanced to the payee, and by him used in completing the hotel; and that the persons for whom the plaintiff acted as trustee had no knowledge or notice of the want of consideration for the giving of the note, and relied upon the same as collateral security in acting with the plaintiff in the raising and advancing of the money to the payee. This evidence was objected to by the defendant, and excluded by the court, under plaintiff's exception. The complaint was thereupon dismissed, upon the ground that there was no consideration for the giving of the notes, and that plaintiff took the transfer with knowledge or notice of such want of consideration. The plaintiff excepted to the direction of the verdict, but made no request to submit any question of fact to the jury. A motion for a new trial on the minutes was made and denied, and thereafter a motion was made, upon affidavits, for a new trial on the ground of surprise. This latter motion was also denied. A judgment was entered on the verdict, and this appeal was taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Lucien Birdseye, for appellant.
Chas. E. Lydecker, for respondent.

WILLIAMS, J. There seems to be no dispute but that there was an entire want of consideration for the giving of the notes. They were given, as therein expressed, for the purchase price of

lands therein described, and the lands were never conveyed to the maker of the notes, but are still owned by the plaintiff, or the payee of the note, or by other parties. The evidence also shows conclusively that the plaintiff had notice, before he took the transfer of the note, of this want of consideration. The consideration was plainly stated in the notes themselves, and the plaintiff's attention was called to the fact that some of the lands, at least, were owned by himself, and could not, therefore, be conveyed to the maker of the notes. He knew that they had not been so conveyed, because they could not be, without his own personal act in conveying his title thereto. He was thus put upon inquiry as to the consideration of the notes having been paid, and could not, in taking the transfer, claim to be himself a bona fide transferee of the notes.

It is said, however, that the other parties interested with the plaintiff in the transaction were not shown to have been purchasers with notice of such want of consideration. Our attention is called to the cases of Constant v. University, 111 N. Y. 604, 19 N. E. 631, and Slattery v. Schwannecke, 118 N. Y. 543, 23 N. E. 922, where it was decided that a principal would not be charged with the knowledge of his agent, acquired, not while he was engaged in the business of his principal, but while he was transacting business for other parties. Here, however, the knowledge of the plaintiff was acquired while transacting the business of his principals, if he might be regarded as their agent at all. This action is not brought by such alleged principals, but by the plaintiff, the alleged agent himself, in his own interest, as alleged in the complaint; and the only question is whether he is entitled to recover in his own right. When the other parties alleged to have been his principals shall come into court, and allege their interest in the notes, and attempt to recover thereon, it will then be time to consider their rights, and whether they shall be permitted to enforce the notes. The fact being undisputed that the notes were given without consideration, it must appear that the plaintiff took the notes before maturity, in good faith, and without notice of the want of consideration, and made advances thereon, relying upon them; otherwise, he would not be entitled to enforce payment of the notes by the maker thereof. It does not seem to us, therefore, that the evidence offered by the plaintiff, and excluded by the court, was material, or would have changed the result if it had been received. The court properly dismissed the complaint upon the grounds stated.

We think the trial court properly denied the plaintiff's motion for a new trial on the ground of surprise, for the reasons stated in its opinion. There could not well have been any surprise. The plaintiff knew what the issues were, and, if he desired to give any evidence with reference thereto, he should have been prepared to give it on the trial.

The judgment and order appealed from should be affirmed, with costs. All concur.